1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Best Western International, Inc.,        )   No. CV  04-0132-PHX-PGR
                                            )
10           Plaintiff,                      )
                                            )
11  vs.                                      )        **ORDER**
                                            )
12                                           )
   Oasis Investments, L.P., et al.,         )
13                                           )
             Defendants.                     )
14  _____)

15

16          Pending before the Court is the Plaintiff Best Western International, Inc.'s ("Best

17  Western") Motion for Partial Summary Judgment (Doc. 12).  Best Western, pursuant to Rule

18  56 of the Fed. R. Civ. P., moves this Court for partial summary judgment on its breach of

19  contract claims against Defendants Oasis Investments, L.P. ("Oasis") and Richard M. Knapp

20  ("Knapp"). The Court now rules on the motion.

21  **I.      INTRODUCTION**

22          Best Western is an Arizona non-profit corporation headquartered in Phoenix, Arizona.

23  Best Western operates as a membership organization consisting of individually owned and

24  operated hotels (i.e., its members).  The rights and obligations of Best Western's members

25  are determined by membership and are set forth in Best Western's Application and

26  Agreement (the "Membership Agreement") and in Best Western's Bylaws.  Additionally,

27  Best Western's board of directors, which is comprised of individual Best Western members,

28  establishes Best Western's rules and regulations.

Best Western provides its members with, among other services, a worldwide reservation system and worldwide marketing campaigns, as well as the option to participate in collective purchasing of hotel equipment, furnishings and supplies.  In addition, each Best Western member is authorized to use the Best Western marks in connection with its hotel pursuant to a limited, non-exclusive license.  In exchange for receiving the Best Western services and the license, members are obligated to pay membership fees and other assessments.  Upon default by a member hotel of its obligations to Best Western, the Best Western board of directors may terminate the membership and the related use of the Best Western license.  Within 15 days following the termination of membership, the former member must cease and desist from using, and remove from public view, all Best Western marks and all references to Best Western. The former member is also required to cease and desist from using any item that is similar to the Best Western marks in spelling, sound and appearance.

On April 27, 2000, Oasis, through its agent, Knapp, executed the Membership Agreement. Upon Best Western's approval of the Membership Agreement, Oasis became a Best Western member and the Membership Agreement became the contract controlling the relationship between the Defendants and Best Western.  Defendants owned and operated the hotel formerly known as the Best Western Sherwood Hills Resort, located in Wellsville, Utah.

Pursuant to paragraph 20 of the Membership Agreement, Best Western granted Oasis the Best Western license, allowing them to use the Best Western marks in connection with the Hotel and subject to the terms of the Best Western license.  Furthermore, the agreement provided that any portion of any sign displaying a Best Western mark would remain the property of Best Western.  Paragraph 24 of the Membership Agreement states that Best Western is entitled to liquidated damages when a former Best Western member continues to use the Best Western marks in connection with its hotel for more than 15 days following the termination of the Best Western membership and the Best Western icense.  The amount of liquidated damages is equal to 15% of the mean of the Hotel's room rates per day multiplied

1   by the total number of rooms for every day that the former member continues to use the Best
2   Western marks beyond the 15-day grace period.

3       On July 7, 2003, Best Western notified Knapp that Oasis' membership was terminated.
4   Additionally, Best Western advised Oasis that is must discontinue use of the Best Western
5   marks. In correspondence dated September 7, 2003, Best Western demanded that Defendants
6   cease and desist from their continued unauthorized use of the Best Western marks. Best
7   Western further warned the Defendants that such noncompliance with the terms of the
8   Membership Agreement and trademark laws would result in litigation. Despite these
9   warnings, Best Western states that Defendants continued to use the Best Western marks in
10  connection with the Hotel past the 15-day period after termination of the Membership
11  Agreement. According to the Plaintiff, on October 8, 2003, the amount of liquidated
12  damages due and owing to Best Western by Defendants was $120,931.20. However, Best
13  Western claims that the Defendants have continually refused to pay Best Western the
14  amounts due and owing.

15      Best Western seeks partial summary judgment on its breach of contract claims
16  regarding Defendants failure to pay the previously referenced fees along with their failure
17  to cease use of the Best Western marks as required by the Membership Agreement and its
18  termination.

19  **II.    LEGAL STANDARD AND ANALYSIS**

20      Summary judgment should be granted pursuant to Federal Rule of Civil Procedure 56
21  only if no genuine issues of material fact exist therefore entitling the moving party to
22  judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). In ruling
23  upon a motion for summary judgment, the court must view the evidence in the light most
24  favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475
25  U.S. 574, 587 (1986).

26      To prevail on its Breach of Contract claims, Best Western is required to show the
27  existence of a contract, its breach and the resulting damage. <u>Graham v. Asbury</u>, 540 P.2d
28  656, 657 (1975); <u>Coleman v. Watts</u>, 87 F. Supp. 2d 944, 954 (D. Ariz. 1998). In this case,

the existence of a contract between Best Western and Oasis is not disputed.  As such, it is only necessary for the Court to determine whether there are genuine issues of fact regarding the Defendants' alleged breach of that contract and the resulting damages.

According to the record before the Court, it is not disputed that Defendants executed the Membership Agreement on April 27, 2000 and thereafter became Best Western Members. It is also undisputed that through the Membership Agreement the Defendants agreed to timely pay all fees, dues, charges and assessments imposed by the Best Western Board of Directors and to promptly pay the costs of all goods and services provided by or ordered through Best Western.

In response to Best Western's motion, the Defendants raise a single argument. According to the Defendants, Best Western was required to provide notice of its intent to terminate the existing Membership Agreement through certified mail.  The Defendants assert that Best Western failed to follow this contractual requirement therefore invalidating Best Western's termination efforts.   The Court finds this argument wholly without merit.

Chapter Twelve (XII) of Best Western's Rules and Regulations sets forth the procedure for cancellation of membership.  Pursuant to Chapter XII, when a Best Western membership is in jeopardy of cancellation the member is entitled to notice by certified mail that the board will consider cancellation and notice that the member may demand a hearing to show cause why the membership should not be cancelled.   In this case, Best Western properly sent Defendants their Chapter XII Notice by certified mail in June of 2003. According to the contract between the parties, certified mail is used prior to the decision to terminate in order to assure Best Western that the member has received the notice of possibility of cancellation and preserves the member's due process rights to a hearing. However, there is no requirement that notice of membership termination, as opposed to Chapter XII notice, be sent via certified mail.  Neither the Membership Agreement not Best Western's Articles, Bylaws, or Rules and Regulations require notice of termination to be sent by any specific type of mail.    Still, it is undisputed that the Defendants' Notice of Termination was sent via express mail on July 7, 2003.   In fact, Paragraph 29 of Best

1   Western's Complaint states: "On or about July 7, 2003, Best Western, in accordance with

2   applicable provisions of the Membership Agreement, Bylaws, and Rules and Regulations,

3   notified [Defendants that their] membership was terminated."   Defendants admitted the

4   veracity of this paragraph in their answer to the Complaint without comment.   Furthermore,

5   Defendants do not contend that they failed to receive such termination notice

6         Defendants failed to substantively  respond to any of the arguments set forth in Best

7   Western's Motion for Partial Summary Judgment.   Likewise, the Defendants failed to

8   properly controvert any of the facts supporting Best Western's motion.   In fact, the

9   Defendants' response to Best Western's motion fails to comply with Local Rule 56.1 as it

10  does not set forth specific facts establishing that there is a genuine issue of material fact in

11  dispute. Furthermore, Defendants' response does not even refer to the portion of the record

12  where controverting facts may be found.   Under such circumstances, Defendants' non-

13  compliance may be deemed as a consent to granting of the motion, and the Court may

14  dispose of the motion summarily.  See Local Rule 7.2(i).

15        Regardless of the Defendants' failure to file a controverting statement of facts in this

16  matter, the Court finds that the undisputed material facts demonstrate the existence of a

17  contract, breach thereof, and resulting damages. Although the Defendants' response attempts

18  to preclude summary judgment on the breach of contract claims by arguing that Best

19  Western's termination efforts were invalid, the Court finds the assertion without merit and

20  immaterial as far as the present motion is concerned. Therefore,

21        IT IS ORDERED that the Best Western International, Inc.'s Motion for Partial

22  Summary Judgment (Doc. 12) is GRANTED.

23        DATED this 31th day of January, 2006.

24

25

26            Paul G. Rosenblatt
              United States District Judge

27

28